**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

EARNEST JAMES PARKER,                    :
AIS 298453,
                                         :

        Petitioner,                      :

vs.                                                CA 16-0491-CG-C
                                         :

MICHAEL STRICKLAND,                      :

        Respondent.                      :


## <u>REPORT AND RECOMMENDATION</u>

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon petitioner's failure to prosecute this action and comply with the Court's order dated September 20, 2016 (Doc. 5).

Earnest James Parker filed a petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Alabama on or about August 10, 2016. (*See* Doc. 4, Attached Petition, at 7.) Parker's habeas action was transferred to this Court on September 16, 2016 (*see id.,* Attached ORDER) and because Parker's petition was not on this Court's form for a petition under 28 U.S.C. § 2254, and he did not pay the $5.00 filing fee or otherwise file a motion to proceed without prepayment of fees and costs, by order dated September 20, 2016, the undersigned instructed Parker "to <u>complete</u> and file this Court's form for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees." (Doc. 5, at 1 (emphasis in original).) Parker was specifically instructed to "not rely upon his

prior petition[]" since his new petition would "supersede the prior petition [filed in the Northern District of Alabama]." (*Id.*) Finally, Parker was informed that his "[f]ailure to comply with this order within the prescribed time or to notify the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.*) To date, Parker has not complied with this Court's order instructing him to re-file his action on this Court's form for a petition under 28 U.S.C. § 2254 and to pay the $5.00 filing fee or file this Court's form motion to proceed without prepayment of costs and fees. (*See* Docket Sheet.)[1]

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order dated September 20, 2016 (*compare* Docket Sheet *with* Doc. 5) and, therefore, it is recommended that the Court **DISMISS** Parker's action pursuant to Fed.R.Civ.P. 41(b) based upon his failure to prosecute this action by obeying this Court's lawful order.

---

[1] Since entry of the September 20, 2016 order, the Court has received from Parker a document that appears to be a list of exhibits offered at his trial and a list of witnesses who testified during the course of his trial. (*See* Doc. 6.) It appears to the undersigned that this pleading, penned by Parker on September 27, 2016 (*see id.* at 1), "crossed in the mail" with this Court's September 20, 2016 Order inasmuch as it in no manner references the Court's Order and is certainly not responsive to the contents of that Order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of October, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**